# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MARTIN DESIDERIO, | \* |
| | \*    No. 16-713V |
|     Petitioner, | \*    Special Master Christian J. Moran |
| | \* |
| v. | \* |
| | \*    Filed: August 21, 2017 |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \*    Dismissal lack of prosecution |
| | \* |
|     Respondent. | \* |

* * * * * * * * * * * * * * * * * * *

Charles W. Marsar, R.J. Marzella & Associates, P.C., Harrisburg, PA, for petitioner;
Lynn E. Ricciardella, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

    Martin Desiderio filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10 through -34 (2012) on June 20, 2016. His petition alleged that he developed Miller-Fisher syndrome, a variant of Guillain-Barré syndrome, resulting from a trivalent influenza vaccination that he received on September 17, 2014.

    Due to Mr. Desiderio's inaction, the undersigned considers whether this case should be dismissed for want of prosecution pursuant to Vaccine Rule 21(b)(1). Further, based on the record as it exists, the undersigned also determines whether the Mr. Desiderio has shown entitlement to an award under the National Vaccine Injury Compensation Program (hereinafter "the Program").

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

I.     **Medical History**

Mr. Desiderio stated that he received the trivalent influenza ("flu") vaccination on September 17, 2014, and submitted a pharmacy receipt as evidence. Petition at 1; exhibit 1.  As respondent notes in his report, the pharmacy receipt and another receipt from the pharmacy submitted by petitioner only document that petitioner obtained a vial of the flu vaccine, Afluria, not that the vaccine was administered on that day.  Exhibit 1 (care instructions on the receipt emphasize that the vial must be refrigerated and when the vial expires); Resp't's Rep. at 1; exhibit 16.  The uncertainty of the vaccination date is further highlighted, as respondent points out, by (1) a nurse's note on November 21, 2014, that the "Influenza vaccine [was] administered," (2) a doctor's report on January 5, 2015, that Mr. Desiderio would receive a flu vaccine on the next day, and (3) a nurse's note on March 18, 2015, that "Influenza and Pneumonia vaccine referred to primary care physician," possibly implying that Mr. Desiderio had not yet received a flu vaccine.  Resp't's Rep. at 1; exhibit 6a at 25; exhibit 5x at 76; exhibit 6pp at 97.

On October 17, 2014, Mr. Desiderio was admitted to the Wilkes Barre General Hospital ("Hospital") for three days with a diagnosis of erythema, edema of both legs, and cellulitis. Exhibit 3 at 3.  On November 5, 2014, at the Hospital, imaging of Mr. Desiderio's gall bladder supported a diagnosis of chronic cholecystitis.  Exhibit 15b at 102-03.

At a sleep apnea clinic in the Geisinger Health System on November 15, 2014, Mr. Desiderio did not have any complaints of neurological symptoms. Exhibit 6a at 9-11.  At a monitoring appointment with his hematologist/oncologist on November 24, 2014, Mr. Desiderio did not complain of weakness or any neurological symptoms.  Exhibit 2 at 84-88.

On December 4, 2014, Mr. Desiderio was admitted to the Hospital for five days complaining of general weakness and diarrhea due to a Clostridium difficile infection and was also evaluated for chronic lymphedema with ulcerations. Exhibit 3 at 9-11; exhibit 4c at 218, 248.   He was proscribed antibiotics for the infection and physical therapy to aid his ambulation.  Exhibit 3 at 9-11; exhibit 4c at 222.

On December 18, 2014, Mr. Desiderio was admitted at the Hospital for recurrent falls that were attributed to an abnormal gait.  Exhibit 3 at 12-14; exhibit 4a at 1-2.  He was proscribed an Unna boot and physical rehab.  Exhibit 3 at 12-14.

2

Mr. Desiderio was then transferred to the John Heinz Institute for Rehabilitative Medicine ("Heinz Institute") for physical therapy. Exhibit 4a at 8; exhibit 5 at 14-17. Mr. Desiderio remained at the Heinz Institute until January 5, 2015. Exhibit 5 at 33.

On January 5, 2015, Mr. Desiderio was admitted to Geisinger Wyoming Valley Medical Center complaining of weakness, areflexia, diplopia and ptosis. Exhibit 6c at 253, 314. He received PLEX treatments and, following a lumbar puncture, was diagnosed with Miller Fisher syndrome on January 17, 2015. Exhibit 6c at 264, 299, 303; exhibit 6d at 437. On January 19, 2015, Mr. Desiderio was discharged and transferred to Kingston Health Care Center ("Kingston") for rehabilitation. Exhibit 6a at 42; 6d at 303; exhibit 7 at 4. Mr. Desiderio remained at Kingston until February 20, 2015. Exhibit 7 at 7. From Kingston, Mr. Desiderio transferred back to the Heinz Institute for rehabilitation until his discharge on March 6, 2015. Exhibit 5n at 33-41.

On April 28, 2015, Mr. Desiderio was seen by his primary care physician, Dr. Fellerman, and was found to have generally improved. Exhibit 9 at 29. At a regular visit with his hematologist/oncologist on May 19, 2015, no neurological issues were noted. Exhibit 2 at 60-64. On August 15, 2015, Dr. Fellerman found Mr. Desiderio's symptoms related to Miller Fisher syndrome to have resolved. Exhibit 9 at 28. On November 5, 2015, Dr. Fellerman again found Mr. Desiderio did not suffer any neurological issues related to Miller Fisher syndrome. Exhibit 11 at 9.

At an ophthalmology appointment on December 2, 2015, Mr. Desiderio was found to have complete restoration of extraocular movement function following Miller Fisher syndrome. Exhibit 12 at 1. On February 9, 2016, a specialist opined that Mr. Desiderio's cirrhosis was due to his weight and his chronic kidney disease was unclear in its origin. Exhibit 15b at 153-57. At a consultation for his kidney disease on April 4, 2016, the specialist did not make a conclusion but noted Mr. Desiderio's diabetes and hypertension. Exhibit 15b at 146-52. On May 19, 2015, Mr. Desiderio's hematologist/oncologist did not note any neurological issues. Exhibit 15b at 141-45.

## II.  Procedural History

On June 20, 2016, Mr. Desiderio filed a petition alleging that he suffered from Miller-Fisher syndrome and other injuries as a result of the trivalent influenza vaccination he received on September 17, 2014. See Petition. Mr. Desiderio filed

3

his medical records as required by 42 U.S.C. § 300aa-11(c) and, on September 2, 2016, filed a statement of completion.

Respondent filed his Rule 4 report on November 17, 2016.  In this report, respondent noted that the medical records regarding the date of vaccination were inconsistent.  Resp't's Rep't at 1, 6.  Further, according to respondent, other medical records submitted regarding the onset or worsening of many of Mr. Desiderio's symptoms did not support his allegation that a vaccine was the cause of his symptoms.  Id. at 7-8.  A status conference was held on November 28, 2016, to discuss respondent's report and the resulting order required Mr. Desiderio to file a status report regarding settlement on January 10, 2017.  See order, filed Nov. 28, 2016.

On January 31, 2017, respondent filed a status report stating that he had received a demand from Mr. Desiderio, but was not interested in pursuing settlement.  A status conference was held on February 13, 2017, in which counsel stated that Mr. Desiderio was considering a new attorney.  Mr. Desiderio was ordered to file a status report on how he would like to proceed by March 15, 2017.

Mr. Desiderio has not communicated with the Court since the February 13, 2017 status conference.  Mr. Desiderio has missed two deadlines for status reports, the March 15, 2017 deadline and a March 24, 2017 deadline.  See orders, filed Feb. 13, 2017 and Mar. 21, 2017.

On April 25, 2017, undersigned issued an Order to Show Cause on why Mr. Desiderio's case should not be dismissed for failure to prosecute with a 60 day deadline.  The deadline has since past and Mr. Desiderio has not yet filed a response to the Order.

### III.    Analysis

A.    *Failure to Prosecute*

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute his case, the Court may dismiss the case.  Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); Vaccine Rule 21(b)(1); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816

4

F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

As stated above, Mr. Desiderio has not communicated with the undersigned since the February 13, 2017 status conference. Mr. Desiderio did not respond to the February 13, 2017 order nor did he respond to the March 21, 2017 order reminding him to file a status report. Consequently, an Order to Show Cause was issued on April 25, 2017, ordering Mr. Desiderio to respond and to explain why his case should not be dismissed for failure to prosecute. Mr. Desiderio has not filed a response to the Order to Show Cause. This lack of response justifies dismissal of the petition.

      B.    *Compensation under Vaccine Program*

Additionally, to receive compensation under the Program, a petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Mr. Desiderio suffered a "Table Injury."[2] Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Mr. Desiderio's alleged injury was vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records do not support Mr. Desiderio's claim, a medical opinion must be offered in support. Mr. Desiderio has not submitted an expert report and only one treating physician, Dr. Fellerman, suggested that the flu vaccine caused Mr. Desiderio's injuries. Exhibit 9 at 29. However, Dr. Fellerman

---

[2] While Mr. Desiderio's case was pending, the Secretary revised the table. 82 Fed. Reg. 6294 (Jan. 19, 2017) (initial effective date of Feb. 21, 2017); Regulatory Freeze Pending Review, 82 FR 8346 (Jan. 24, 2017) (postponing regulations that are not yet effective for 60 days). This change became effective on March 21, 2017. 82 Fed. Reg. 11321 (Feb. 22, 2017). Pursuant to the revised table, causation is presumed when Guillain-Barré syndrome develops 3-42 days after a flu vaccination. 42 C.F.R. § 100.3 ¶ XIV.D. Mr. Desiderio could file a new petition to take advantage of this revision. 42 U.S.C. § 300aa-16(b).

However, this revision would not assist Mr. Desiderio because his Guillain-Barré syndrome appears to have started around December 18, 2014, approximately 12 weeks after his alleged September 17, 2014 flu vaccination. This latency exceeds the time range (3-42 days) set out in the Table.

did not elaborate on the causal connection between the flu vaccine and Mr. Desiderio's injuries, and his references to Mr. Desiderio's medical history contain some inaccuracies. Id. at 29 (paraparesis reference not found elsewhere); compare Id. with exhibit 2 at 31 (date of lumbar puncture different). Accordingly, it is clear from the record in this case that Mr. Desiderio has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination.

**Thus, this case is DISMISSED for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master